UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT WINBURN,
a/k/a SCOTT LIBBY,

        Petitioner,

v.                                CASE NO. 99-CV-72667-DT
                                  HONORABLE DENISE PAGE HOOD

BRUCE CURTIS,

        Respondent.
_____/

**ORDER
(1) TRANSFERRING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT
TO THE COURT OF APPEALS AS SECOND OR SUCCESSIVE HABEAS PETITIONS
AND (2) DENYING PETITIONER'S MOTIONS TO AMEND THE CAPTION
AND TO REQUIRE RESPONDENT TO FILE AN ANSWER TO THE MOTIONS**

      Petitioner Robert Winburn, also known as Scott Libby, has filed three post-judgment motions for relief from judgment. Also pending before the Court are Petitioner's motion to amend the caption to reflect the name of his current warden and a motion for an order requiring Respondent to answer the motions for relief from judgment. Petitioner seeks relief from the Court's opinion and order dated January 31, 2001, which denied his habeas corpus petition. He alleges that a fraud was committed and that he is actually innocent of the crimes for which he is incarcerated.

      Petitioner relies on Federal Rule of Civil Procedure 60(b), which permits a party to ask for a reopening of his case and relief from judgment under limited circumstances such as fraud, mistake, and newly discovered evidence. *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion that contains one or more claims is in substance a successive habeas petition,

which should be treated accordingly. *Id*. at 531.

Petitioner's motions for relief from judgment advance one or more claims. The motions challenge Petitioner's state conviction on the basis of newly discovered evidence. Petitioner is not attacking the content of the Court's dispositive opinion, which denied the habeas petition. Thus, under *Gonzalez,* Petitioner's motions for relief from judgment must be deemed second or successive habeas corpus petitions.

State prisoners may not file a second or successive habeas corpus petition unless they first obtain an appellate court order authorizing the district court to consider the habeas petition. 28 U.S.C. § 2244(b)(3)(A). When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization from the appellate court, the district court must transfer the document to the Court of Appeals. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner has not acquired precertification by the Court of Appeals to file a second or successive habeas petition. Therefore, the Clerk of Court is ORDERED to transfer Petitioner's motions for relief from judgment [Dkt. Nos. 82, 84, & 88] to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.[1] Petitioner's motion for an order requiring Respondent to answer his motions for relief from judgment [Dkt. No. 85] is DENIED as moot.

---

[1] Section 1631 provides in pertinent part that:

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

Petitioner's motion to amend the caption [Dkt. No. 86] is DENIED without prejudice. He may renew the motion if the Court of Appeals authorizes this Court to consider the merits of his  new claims.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Date: December 4, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Robert Winburn, Reg. No. 222196, Kinross Correctional Facility, 1770 S. Watertower Dr., Kincheloe, MI 49788 on December 4, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager